IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| OSCAR O. BARRERA PINEDA, #18940-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv624 |
| | § | CRIMINAL ACTION NO. 4:09cr194(15) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Movant Oscar Orlando Barrera Pineda filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting violations concerning his Eastern District of Texas, Sherman Division conviction. For the reasons stated below, and after due consideration, the Court will deny Movant's motion.

## BACKGROUND

On October 19, 2012, a jury found Movant guilty of Count Two of his indictment, manufacturing and distributing five kilograms or more of cocaine, and intending and knowing that the cocaine will be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959, 960(b)(1). On February 24, 2014, the District Court's sentence of two hundred ninety-two months' imprisonment was entered. The United States Court of Appeals for the Fifth Circuit affirmed Movant's conviction and sentence on January 28, 2016. *United States v. Rojas*, 812 F.3d 382, 416 (5th Cir. 2016). The Fifth Circuit held that, under the protection principle, a country may enforce criminal laws wherever, and against whomever, if the offense threatens the country's security and directly interferes with its governmental operations. *Id.* at 391-93. On June 6, 2016, the Supreme Court denied Movant's petition for writ of certiorari.

1

The instant motion was filed on August 19, 2016. Movant asserts he is entitled to relief because the Court lacked jurisdiction to try and sentence him on Count Two when the United States violated the terms of the doctrine of specialty[1] and the extradition agreement with Columbia. Movant also contends counsel was ineffective in failing to raise the Court's lack of jurisdiction, violation of the doctrine of specialty, and defective indictment. Movant asserts counsel was also ineffective for failing to request a minor role adjustment. The Government filed a response, claiming Movant is not entitled to relief, to which Movant filed a reply. On June 1, 2018, the Court reduced Movant's sentence to two hundred thirty-five months, pursuant to 18 U.S.C. § 3582(c)(2).

## STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

---

[1] The doctrine of specialty law is a principle of international law that is included in most extradition treaties, whereby a person who is extradited to a country to stand trial for certain criminal offenses may be tried only for those offenses, and not for any other non-extradition offenses. This doctrine allows a nation to require the requesting nation to limit prosecution to declared offenses. *See, e.g., United States v. LeBaron*, 156 F.3d 621, 626 (5th Cir. 1998).

## PROCEDURAL BAR

It is well-settled that, absent countervailing equitable considerations, a § 2255 movant cannot relitigate issues raised and decided on direct appeal. *United States v. Rocha,* 109 F.3d 225, 299 (5th Cir. 1997); *Withrow v. Williams*, 507 U.S. 680 (1993). "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are [generally] not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). It is also well settled that a collateral challenge may not take the place of a direct appeal. *Shaid*, 937 F.2d at 231. Accordingly, if Movant raised, or could have raised, constitutional or jurisdictional issues on direct appeal, he may not raise them on collateral review unless he shows either cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Id*. at 232.

Movant claims that the Court lacked jurisdiction to try and sentence him on Count Two. Movant raised this claim on direct appeal, and the Fifth Circuit specifically held that 21 U.S.C. §§ 959 and 960(b)(1) could be enforced wherever, and against whomever that threatens the country's security and directly interferes with its governmental operations. Because the issue was decided on direct appeal, it is procedurally barred from collateral review. In his reply to the Government's response, Movant argues the Court lacked jurisdiction because Movant was convicted for events occurring on December 8, 2008, of which Movant had already been convicted in Columbia. The extradition order granted extradition from Columbia for the prosecution of Movant on Count Two, except for acts occurring on December 8, 2008. The record shows that the jury made a special finding as to Movant, affirming that his "guilty verdict was based on an act or acts committed on a

3

date or dates other than December 8, 2008." Criminal Action No. 4:09cr194(15) (Dkt. #898). This issue is without merit.

Additionally, Movant complains about grand jury proceedings and a defective indictment. Rule 12(b) of the Federal Rules of Criminal Procedure provides that objections or requests concerning the grand jury proceedings or indictment must be raised prior to trial, or they are waived. The necessary effect of the rule is to provide that a claim, once waived, may not later be resurrected, either in the criminal proceedings or in federal habeas, in the absence of the showing of cause. *Davis v. United States*, 411 U.S. 233, 242 (1973) (holding the waiver expressed in Rule 12(b) governs an untimely claim of grand jury error, not only during the criminal proceeding, but also later on collateral review). This issue was waived.

Movant also claims that his offense level for sentencing should be lowered because he played only a minor role in the offense. Movant could have raised this issue on appeal. Moreover, the Fifth Circuit has held that a district court's technical application of the sentencing guidelines does not give rise to constitutional issues. *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994).

Each of the issues could have been raised on appeal. Movant fails to show cause for his procedural default and actual prejudice resulting from the error, or that he is actually innocent. *Shaid*, 937 F.2d at 232.. These issues are procedurally barred, waived, or not cognizable on federal habeas review.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts he is entitled to relief based on ineffective assistance of counsel. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance

4

prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697.

Movant asserts counsel should have challenged the jurisdictional right of the United States to try him for Count Two and the violation of the doctrine of specialty. As has already been discussed, the Fifth Circuit upheld these issues, *Rojas*, 812 F.3d at 391-93, or they are procedurally barred from collateral review. Furthermore, Movant fails to show that the indictment was defective or that, had counsel timely objected, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694.

Movant also claims counsel should also have requested a minor role adjustment. He fails, however, to show he was "substantially less culpable than the average participant" to qualify as a

minor participant. *See United States v. Castro*, 843 F.3d 608, 612-14 (5th Cir. 2016). A review of the Presentence Report reveals that Movant possessed the following special characteristic(s) affecting his offense level: he was a pilot, a co-pilot, a captain, a navigator, a flight officer, and any other operations officer aboard an aircraft carrying a controlled substance during the offense. Criminal Case No. 4:09cr194(15) (Dkt. #1136). Furthermore, the evidence at trial showed that telephone calls, surveillance photographs, and videos documented Movant's involvement with known narcotics trafficker Carlos Eduardo Gaitan-Uribe, who was indicted in the conspiracy, but died before trial. Gaitan "coordinated logistics by recruiting pilots, maintaining airplanes, securing clandestine airstrips, and contacting corrupt air traffic controllers." *Rojas*, 812 F.3d at 389. Evidence showed that Movant piloted planes and that he coordinated the arrangements of other pilots that flew drug planes to and from Columbia. *Id.* at 401-02. Expert testimony was provided explaining that the routes Movant discussed were consistent with an organization attempting to import cocaine into the United States. *Id.* at 402. Additionally, a codefendant pilot who knew Movant and who also flew for Gaitan testified that Movant worked for Gaitan, that they were together frequently, and that he had witnessed Movant flying drug-laden planes. *Id.* Accordingly, with Movant's highly technical skills, and the testimony provided, Movant fails to meet his burden of showing that, by a preponderance of the evidence, he was substantially less culpable than the average participant in the offense. *Castro*, 843 F.3d at 612-14. Therefore, counsel cannot be held to be ineffective for failing to argue frivolous claims. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

## CONCLUSION

In sum, Movant fails to show cause for his procedural defaults and actual prejudice resulting from the alleged errors. *Shaid*, 937 F.2d at 232. He fails to show that he is actually innocent. *Id.*

Movant also fails to show that, but for counsel's alleged deficient performance, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. Accordingly, the § 2255 motion should be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a [certificate of appealability] should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Movant is not entitled to a certificate of appealability.

It is therefore **ORDERED** the motion to vacate, set aside, or correct sentence is **DENIED**, and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED.**

**SIGNED this 18th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE